**H. A. BUTLER and Vivian Butler, Plaintiffs,**

v.

**George D. PATTERSON, Jr., District Director of Internal Revenue, Defendant.**

**Civ. A. 8436.**

United States District Court
N. D. Alabama, S. D.

Feb. 20, 1957.

Lange, Simpson, Robinson & Somerville and Robert McD. Smith, Birmingham, Ala., for plaintiffs.

Charles K. Rice, Asst. Atty. Gen., James P. Garland and Robert L. Toomey, Attys., Dept. of Justice, Washington, D. C., and W. L. Longshore, U. S. Atty., Birmingham, Ala., for defendant.

LYNNE, Chief Judge.

In conformity with the order entered herein on pretrial hearing this action is submitted for final judgment on the pleadings and stipulation of facts, subscribed by the parties.

The court finds the facts as they were stipulated to be. Pertinently summarized these are: In 1951 plaintiffs realized gains from the sales of stock in three corporations, namely, Oak Grove Homes, Inc., Oxmoor Homes, Inc., and Green Springs Homes, Inc. In their income tax return for the calendar year 1951 they reported such gains as long-term capital gains. The Commissioner determined that such gains should be treated as ordinary income and assessed a deficiency.

Plaintiff, H. A. Butler, and W. A. Cobbs were partners. John Cobbs, though a partner of neither, was the brother of W. A. Cobbs. The three of them owned shares of stock in the three corporations in the following percentages:

| H. A. Butler | ........ | 5% |
| W. A. Cobbs | ........ | 5% |
| John Cobbs | ........ | 6⅔% |

Defendant contends that generally Section 117(m) (1) of the Internal Revenue Code of 1939 requires ordinary income treatment of gains from sales of stock in collapsible corporations and that, as to plaintiffs, Section 117(m) (3) does not preclude such treatment.

Adverting to the provisions of Section 117(m) (3) (A) (ii),[1] defendant reasons

---

1. Statutes Involved
   Internal Revenue Code of 1939:
   "§ 117. Capital gains and losses
   \*　　\*　　\*　　\*　　\*
   "(m) [as added by Sec. 212(a), Revenue Act of 1950, c. 994, 64 Stat. 906] Collapsible corporations.
   "(1) Treatment of gain to shareholders. Gain from the sale or exchange (whether in liquidation or otherwise) of stock of a collapsible corporation, to the extent that it would be considered (but for the provisions of this subsection) as gain from the sale or exchange of a capital asset held for more than 6 months, shall, except as provided in paragraph (3), be considered as gain from the sale or exchange of property which is not a capital asset.
   \*　　\*　　\*　　\*　　\*
   "(3) Limitations on application of subsection. In the case of gain realized by a shareholder upon his stock in a collapsible corporation—
   "(A) this subsection shall not apply unless, at any time after the commencement of the manufacture, construction, or production of the property, such shareholder \* \* \* (ii) owned stock which was considered as owned at such time by another shareholder who then owned (or was considered as owning) more than 10 per centum in value of the outstanding stock of the corporation;
   \*　　\*　　\*　　\*　　\*

that plaintiff, H. A. Butler, owned stock which was considered owned at such time by his partner, W. A. Cobbs, because of the adopted rules appearing in Section 503(a) (2). W. A. Cobbs then actually owned his 5 percent and constructively owned the 6⅔ percent of his brother, John Cobbs. Since W. A. Cobbs owned 11⅔ percent of such stock, the limitation is inapplicable.

For their part, plaintiffs, while disagreeing not at all with defendant's arithmetic, insist that the provisions of Section 503(a) (5) with reference to constructive ownership of stock relate to Section 117(m) in its entirety; that importing to W. A. Cobbs at the same time the constructive ownership of plaintiff's stock, because he was his partner, and of John Cobbs' stock, because he was his brother, is a heaping of Pelion on Ossa, plainly forbidden by the language of such section.

Admittedly the provisions of the pertinent sections are not as precise as court and counsel might desire. However, it seems clear that the Commissioner did not undertake here to make W. A. Cobbs the constructive owner of plaintiff's stock and then or thereafter "to make another [John Cobbs] the constructive owner of such stock." The court perceives no violation of Section 503(a) (5).

For purposes of subparagraph (A), the ownership of stock shall be determined in accordance with the rules prescribed by paragraphs (1), (2), (3), (5), and (6) of section 503(a), except that, in addition to the persons prescribed by paragraph (2) of that section, the family of an individual shall include the spouses of that individual's brothers and sisters (whether by the whole or half blood) and the spouses of that individual's lineal descendants."
26 U.S.C. 1952 ed., § 117.
"§ 503. Stock ownership
"(a) Constructive ownership. For the purpose of determining whether a corporation is a personal holding company, insofar as such determination is based on stock ownership under section 501(a) (2), section 502(e), or section 502(f)—
*   *   *   *   *
"(2) Family and partnership ownership. An individual shall be considered

The court is of the opinion that the Commissioner's treatment of the gain from the sale of taxpayer's stock should be sustained and that judgment is due to be entered in favor of defendant.

This the 20th day of February, 1957.

as owning the stock owned, directly or indirectly, by or for his family or by or for his partner. For the purposes of this paragraph the family of an individual includes only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants.
*   *   *   *   *
"(5) Constructive ownership as actual ownership. Stock constructively owned by a person by reason of the application of paragraph (1) or (3) shall, for the purpose of applying paragraph (1) or (2), be treated as actually owned by such person; but stock constructively owned by an individual by reason of the application of paragraph (2) shall not be treated as owned by him for the purpose of again applying such paragraph in order to make another the constructive owner of such stock. * * *"
26 U.S.C. 1952 ed., § 503.